UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-23071-CIV-O'SULLIVAN
[CONSENT]

CERTAIN UNDERWRITERS AT
LLOYD'S OF LONDON,
　　　　Plaintiff,

v.

ORCHARD TECHNOLOGIES, LTD.,
　　　　Defendant.
_____/

## **ORDER**

THIS MATTER comes before the Court on the defendant/counter-plaintiff's Motion for Entry of Default and Default Judgment (DE#23, 7/22/08). Having reviewed the applicable filings and law, it is

ORDERED AND ADJUDGED that the defendant/counter-plaintiff's Motion for Entry of Default and Default Judgment (DE#23, 7/22/08) is DENIED. "[D]efaults are seen with disfavor because of the strong policy of determining cases on their merits." Florida's Physician's Ins. Co. v. Ehlers, 8 F.3d 780, 783 (11th Cir. 1993) (citation omitted). "Entry of judgment by default is a drastic remedy which should be used only in extreme circumstances...," which are not present here. Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1984).

The defendant/counter-plaintiff seeks a default for the failure of the plaintiff/counter-defendant to respond to the breach of contract claim asserted in its counterclaim. Entry of default and default judgment are separate and distinct steps pursuant to Fed. R. Civ. P. 55. To obtain a default, Rule 55(a) requires the movant to "show[ ] by affidavit or otherwise" that the "party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend ...."

In the present case, a default was not entered and there is nothing to set aside. At most, the plaintiff/counter-defendant would be required to meet the less rigorous "good cause" standard. The standard of "good cause" to set aside a default is different and less burdensome than the standard of "excusable neglect" to set aside a default

judgment.  See EEOC v. Mike Smith Pontiac GMC, Inc., 896 F.2d 524 (11th Cir. 1990) (applying excusable neglect standard).

District courts generally consider the following factors when determining whether the defaulting party has shown good cause: 1) whether the default was culpable or willful; 2) whether setting aside the default would prejudice the non-defaulting party; and 3) whether the defaulting party has a meritorious defense.  See Compania Interamericana Export-Import, S.A. v. Compania Dominica De Aviacion, 88 F.3d 948, 951 (11th Cir. 1996) (citations omitted)).  Additional factors include whether the public interest was implicated, whether there was significant financial loss to the defaulting party, and whether the defaulting party acted promptly to correct the default.  Id.

In the present case, the plaintiff/counter-defendant filed its answer to the counterclaim the same day that the defendant/counter-plaintiff filed its Motion for Default and Default Judgment.  The next day, the plaintiff-counter-defendant filed its opposition to the Motion for Default and Default Judgment.  The undersigned finds that the default was not willful and that the plaintiff/counter-defendant has asserted a meritorious defense.   There is no prejudice to the non-defaulting party because the undersigned extended the deadline to complete depositions.

DONE AND ORDERED, in Chambers, at Miami, Florida, this **9th** day of October, 2008.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
All Counsel of Record

2